UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CIVIL NO. 06-10310
                                             HON. LAWRENCE P. ZATKOFF

PENELOPE GOULD,

        Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 30, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

      This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed on March 3, 2006.  Defendant has filed a response, and Plaintiff has replied.   The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth

below, Plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

On June 14, 1987, Defendant applied for a guaranteed student loan to attend the American Career Academy. On September 14, 1987, Defendant obtained a loan of $2,625.00 from Citibank. Defendant made no payments on the loan, and withdrew from the school in 1988. Defendant alleges the school closed within two years; Plaintiff alleges the school remained open until March 1994. Defendant defaulted on the loan on August 1, 1989.

The holder of the loan filed a claim with the guarantee agency for the default, and received a payment of $2,807.52.[1] The guarantee agency was reimbursed for the payment by the Department of Education. On August 8, 1993, the guarantee agency signed its right and title to the loan to the Department of Education. Plaintiff filed suit on January 24, 2006, and the instant motion on March 3, 2006.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

---

[1]The parties do not specify the date on which the payment was made.

(1986).  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

### IV.  ANALYSIS

**A.     Defendant's Liability for the Loan**

Defendant admits she took out the loan, and did not make payments on it.  However, Defendant argues that she should no longer be liable for the loan.

First, Defendant agrees that the 1991 amendments to the Higher Education Act ("HEA"), 20 U.S.C. § 1091a, eliminated the statute of limitations for the collection of student loans.  However, Defendant argues that the application of 20 U.S.C. § 1091a to her constitutes an ex-post facto law.  This argument is without merit.  The Sixth Circuit has specifically held that the retroactive application of 20 U.S.C. § 1091a does not constitute an ex-post facto law.  *United States v. Brown*, 7 Fed. Appx. 353, 354 (6th Cir. 2001).

Defendant also argues that the school she attended falsely represented that it was accredited,

3

and did not provide job placement services as promised. However, this argument is also without merit. Courts have rejected the assertion that misconduct by a school absolves a borrower of her obligation to repay her student loans. *See United States v. Cawley*, 821 F. Supp. 1219, 1224 (E.D. Mich. 1993); *Veal v. First American Savings Bank*, 914 F.2d 909 (7th Cir. 1990); *United States v. Olavarrieta*, 812 F.2d 640 (11th Cir. 1987).

Defendant also argues that the lender and guarantee agency did not follow the regulations for collection efforts established in 34 C.F.R. §§ 682.410, 682.411. However, Defendant does not provide any legal support for her claim that the alleged misconduct of the lender and guarantee agency absolves her of her obligation to pay the government. The Secretary of Education, pursuant to 20 U.S.C. § 1082, is charged with enforcing the provisions of the HEA. The Secretary of Education is authorized to sanction non-compliance, and may use such measures as imposing civil penalties and terminating a lender's participation in the program. *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1223 (11th Cir. 2002). However, as Defendant admits, discharge of the debt is not provided as a remedy.

Defendant also argues that the Secretary of Education did not comply with 20 U.S.C. §§ 1078-6, 1080. However, these sections are inapplicable to Defendant's situation. 20 U.S.C. § 1078-6 deals with the rehabilitation of a loan, and requires the loan to be sold, if practicable, to an eligible lender if the borrower has made consecutive payments for twelve months. 20 U.S.C. § 1078-6(a)(1)(A). The required payments must be reasonable based on the borrower's total financial circumstances. In the instant case, Defendant did not seek rehabilitation of the loan, and the Secretary of Education did not require Defendant to make unreasonable monthly payments; thus, 20 U.S.C. § 1078-6 does not apply.

20 U.S.C. § 1080 allows the Secretary of Education to contract with third parties for the recovery of student loans. Any contract made by a third party must "provide that attempts to make recovery on such loans shall be fair and reasonable, and do not involve harassment, intimidation, false or misleading representations." 20 U.S.C. § 1080(b). There have been no allegations that a third party in the instant case has harassed or intimidated Defendant; thus, 20 U.S.C. § 1080 does not apply.

Finally, Defendant claims that the loan should be absolved because the government waited an excessive amount of time to attempt to collect it. Defendant is essentially pleading the equitable defense of laches. The government is typically not subject to the defense of laches when enforcing its rights. *United States v. Summerlin*, 310 U.S. 414, 416 (1940). The majority of courts considering the issue have held that a borrower may not use the defense of laches against a suit by the government to enforce a student loan. *See United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001); *United States v. Robbins*, 819 F. Supp. 672, 678-79 (E.D. Mich. 1993); Kris Aungst, *Student-loan Dischargeability: Does the Doctrine of Laches Apply?*, 23-6 Am. Bankr. Inst. J. 42 (2004).

Furthermore, even if the defense of laches was available, Defendant has not shown that she would be entitled to use it. To succeed with a laches defense, Defendant must show that she was prejudiced by the government's unreasonable delay in bringing the case. *Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). Defendant argues that the government's delay in the instant case caused her to think the loan was forgiven. Defendant claims that had she known the loan was still in force, she could have sought forbearance and a repayment plan. However, Defendant admits to receiving a notice regarding the loan in 1999. Defendant could have sought

forbearance and a repayment plan at that time, but chose to take no action. Thus, Defendant cannot now claim any prejudice was due to the government's delay.

Because Defendant admits to obtaining the loan, and has not raised a valid defense, the Court finds that Defendant is liable for the loan as a matter of law. Summary judgment is granted for Plaintiff on the issue of liability.

**B.     Amount of Damages**

Defendant claims there is a genuine issue of material fact regarding the amount of damages. Defendant notes that the principal on the original loan was $2,625.00. However, Plaintiff claims the principal is $2,807.52, based on the claim paid by the guarantee agency. Plaintiff has not provided an explanation or any supporting documentation regarding the calculation of the $2,807.52. The Court agrees that the lack of evidence supporting the claimed principal amount of $2,807.52 precludes summary judgment on this issue. Thus, summary judgment on the issue of damages is denied.

### V.  CONCLUSION

For the above reasons, Plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

>  s/Lawrence P. Zatkoff
>  LAWRENCE P. ZATKOFF
>  UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2006

...

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 30, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290